CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED
JAN 2 5 2006
JOHN F. CORCORAN, CLERK
BY:
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| NATHAN WILSON,<br>　　Plaintiff, | )<br>)<br>) |
| v. | ) Civil Action No. 7:06cv00062<br>)<br>) **MEMORANDUM OPINION**<br>) |
| WARDEN DAVID ROBINSON, et al.,<br>　　Defendants. | ) By: Samuel G. Wilson<br>) United States District Judge |

Plaintiff Nathan Wilson, a Virginia inmate proceeding pro se, brings this action under 42 U.S.C. § 1983, alleging that the defendants provided unsanitary living conditions and exposed him to a potential health risk in violation of the Eighth Amendment. Wilson seeks injunctive and declaratory relief and monetary damages. The court finds that Wilson's complaint fails to state a claim upon which the court may grant relief and, therefore, dismisses the suit pursuant to 28 U.S.C. § 1915A(b)(1).[1]

### I.

Wilson alleges that Wallens Ridge State Prison ("WRSP") limited cell toilets to four daily flushes due to a water emergency in Big Stone Gap, Virginia, in October 2005. Wilson claims that the limits caused an odor and forced him to live and eat in an unsanitary cell and to use a toilet which, at times, contained his cell mate's waste. However, Wilson admits that the conditions lasted for only a period of weeks, that the limits are no longer in effect, and he does not claim to have become ill or suffered injuries due to the conditions.

### II.

In order to state an Eight Amendment claim regarding prison conditions, a prisoner must

---

[1] A complaint filed by an inmate challenging the conduct of an "officer or employee of a governmental entity" may be dismissed under 28 U.S.C. § 1915A(b)(1) if the complaint is "frivolous, malicious or fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915A(b)(1).

allege, among other things, facts sufficient to show either that he has sustained a significant mental or physical injury as a result of the challenged conditions or that the conditions have created an unreasonable risk of serious damage to his future health. Helling v. McKinney, 509 U.S. 25 (1993); Strickler v. Waters, 989 F.2d 1375, 1380-1381 (4th Cir. 1993). Wilson alleges that the WRSP policy exposed him to "toxic" odors and unsanitary conditions. However, Wilson alleges neither that he became ill as a result of the conditions nor that there were any lingering effects on his health. Accordingly, the court finds that Wilson has not alleged current or future injury and, therefore, has failed to state a claim under the Eighth Amendment.

### III.

For the stated reasons, the court dismisses Wilson's suit pursuant to § 1915A(b)(1) for failure to state claims for which the court can grant relief.

**ENTER:** This 25th day of January, 2006.

_____
United States District Judge

2